IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


UNITED STATES OF AMERICA
for the use and benefit of
CENTURY FIRE PROTECTION, LLC,
    Plaintiff,

v.                                    Case No.: 3:09cv203/MCR/EMT

ACE ENGINEERING, INC., et al.,
    Defendants.
_____/

## AMENDED ORDER, REPORT AND RECOMMENDATION[1]

    This action involves a federal construction project on Eglin Air Force Base, Florida. The case is now before the undersigned upon referral by the district court pursuant to Federal Rule of Civil Procedure 72(a) and Northern District of Florida Local Rule 72.3 for the determination of the reasonableness of the attorneys' fees sought by Defendant/Cross-Claimant Ace Engineering, Inc. ("Ace"), on Ace's cross-claims against Defendant/Cross-Defendant Emerald Coast Engineering, LLC ("Emerald") (*see* Docs. 100, 108, 115). As set forth below, this court recommends awarding reasonable attorneys' fees to Ace in the amount of **$92,920.00**.

**Background**

    The United States initiated this action in May 2009 on behalf of Century Fire Protection, LLC ("Century"), against Ace, Fidelity and Deposit Company of Maryland ("Fidelity"), and Emerald (Doc. 1).[2] After initial settlement efforts failed (*see* Doc. 23), the district court issued

___

[1] The undersigned issued an Order, Report and Recommendation in this matter on November 4, 2011 (Doc. 121), to which Defendant/Cross-Claimant Ace Engineering, Inc., filed a response in partial opposition (Doc. 122). This amended Order, Report and Recommendation is issued to address the meritorious objections raised in the response.

[2] The complaint contains two counts, a claim under the Miller Act, 40 U.S.C. § 3131 *et seq.*, and a claim for breach of contract.

scheduling orders (*see* Docs. 24, 42, and 48), and the parties conducted discovery.  In May 2010 the district court permitted counsel for Emerald to withdraw and gave Emerald thirty days in which retain substitute counsel (Doc. 59).  When  no new counsel appeared, at the district court's instruction the clerk entered a default against Emerald (*see* Docs. 70, 71).  The district court later granted Century's motion for default judgment against Emerald (*see* Docs. 65, 76, and 83–85).  On September 22, 2010, the district court granted Ace leave to file cross-claims against Emerald (*see* Docs. 77, 78, and 82).[3]  Century filed a motion for summary judgment against Ace and Fidelity on November 10, 2010 (Doc. 91), but before the motion became ripe the parties advised the court that they had settled the claims among themselves and would be filing a stipulation of dismissal as to those claims; as to Emerald, however, the parties advised that the claims remained pending (Doc. 97).  Based on the reported partial settlement, the district court denied as moot Century's pending motion for summary judgment (Doc. 98).  Additionally, noting that Emerald had not responded to and defended Ace's cross-claims, the district court directed the clerk to enter a default against Emerald and gave Ace ten days in which to file a motion for default judgment if it wished to do so (*id.*; *see also* Doc. 99).  Ace timely filed a motion for default judgment (Doc. 100); Ace also moved for an award of attorneys' fees under its contract with Emerald, seeking fees incurred in the prosecution of its cross-claims against Emerald and in defending against Century's claims (*id.* at 1).  On January 11, 2011, Century, Ace, and Fidelity filed a "Stipulation of Dismissal" (Doc. 102).  In the stipulation the parties stated the following:  they had reached settlement; Century dismissed with prejudice its claims against Ace and Fidelity; each party would bear its own costs and fees; Century, Ace, and Fidelity had not settled their claims with respect to Emerald and such claims were not included in the stipulation of dismissal; and Century had assigned to Ace its claims, defenses, rights, and judgments against Emerald (*id.*).[4]

---

[3] Ace made cross-claims for breach of contract, negligence, breach of fiduciary duty, contractual indemnity, and common law indemnity (*see* Doc. 78 at 1–4).

[4] Additionally, the parties requested that the district court enter an order dismissing with prejudice all of Century's claims against Ace and Fidelity and permitting the matter to proceed on the claims against Emerald (Doc. 102 at 1).  The parties, however, failed to state in the title that the document also, in effect, contained a motion, instead simply titling their document "Stipulation of Dismissal."  Such practice did not alert the clerk to the presence of a request for a specific ruling, did not link the motion electronically to the docket (including with respect to motions reports), and contravened this district's Local Rules (*see* N.D. Fla. Loc. R. 5.1(B)(2) (providing that the title of a filed document "shall

The district court conducted a hearing on Ace's motion for default judgment and attorneys' fees on February 11, 2011 (Doc. 107). That same date the court issued an order granting Ace's motion for default judgment and attorneys' fees and directing Ace to file support for its attorneys' fee claim within thirty days (*see* Doc. 108). The court also entered judgment in favor of Ace and against Emerald in the amount of $267,047.00 and further found that Ace was entitled to recover reasonable attorneys' fees against Emerald (Doc. 109). Ace timely filed affidavits in support of its claim for attorneys' fees from its counsel Michael H. Crew ("Crew") and from Fort Walton Beach, Florida, attorney Steven B. Bauman ("Bauman") (*see* Doc. 112).[5] The district court then issued its order referring this matter to the undersigned for a determination as to the reasonableness of the amount of attorneys' fees requested (Doc. 115). At this court's instruction (Docs. 116, 118), Ace has filed additional documentation in support of its fees claim, in the form of the amended and/or supplemental affidavits of Crew and Bauman (*see* Docs. 117, 120). The matter is now ripe for review.[6]

**Discussion**

The lodestar method is used to determine the reasonableness of attorneys' fees. This method is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984); *see also* Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate is based upon "'the prevailing market rate in the relevant legal

---

include a clear, concise, and specific identification of the document being filed . . . ."). Also, the parties did not submit a separate motion requesting any such ruling by the court nor have they attempted to renew their request. In short, to the extent the district court might have considered issuing the specific order described above (notwithstanding that it did permit Ace's cross-claims against Emerald to proceed and later directed the entry of default judgment against Emerald in Ace's favor), the parties failed to properly seek it.

[5] The response was filed March 14, 2011, or thirty-one days after the court issued its order. As March 13, 2011, fell on a Sunday, however, the response was timely. *See* Fed. R. Civ. P. 6(a)(1)(C) (stating that last day of period should be included in computing a time period but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday).

[6] Each of the affidavits/supplemental affidavits filed in support of Ace's claim for attorneys' fees reflects that Ace furnished Emerald a copy by regular mail to a Valparaiso, Florida, address (*see* Doc. 112 at 1; Doc. 117 at 1; and Doc. 120 at 2). The court notes that, despite apparently having received the affidavits, Emerald has not filed a response accepting or rejecting the amount being sought by Ace, as provided in N.D. Fla. Loc. R. 54.1(E)(4). This includes with respect to the final filing, submitted October 14, 2011, for which the fourteen-day period ended October 28, 2011.

Case No.: 3:09cv203/MCR/EMT

community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996) (quoting Norman, 836 F.3d at 1299).[7]  In calculating the number of hours which were reasonably expended on the litigation, the court should exclude excessive, unnecessary, and redundant hours, and it should also exclude the time spent litigating "discrete and unsuccessful claims." Duckworth, 97 F.3d at 1397. "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F.2d 1292 at 1303.  With respect to rates, an applicant may meet its burden by producing either direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates. *Id.* at 1299.  In addition, the Eleventh Circuit has noted that "the court . . . is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quotation and citation omitted).

Local Rule 54.1 of the Northern District of Florida outlines the procedure to be followed with respect to motions for attorneys' fees. Local Rule 54.1(B), Attorneys' Fees Records, provides in relevant part:

> In any proceeding in which any party is seeking an award of attorneys' fees from the opposing party pursuant to any statute, contract, or law, the party seeking such an award of attorneys' fees shall:
>
> (1) Maintain a complete, separate, and accurate record of time (to the nearest 1/10 of an hour) devoted to the particular action, recorded contemporaneously with the time expended, for each attorney and each specific activity involved in the action (i.e., not just "research" or "conference"); and

---

[7] To aid in the determination of an attorney's reasonable hourly rate, the court may also consider, to the extent relevant, the factors set out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974). The Johnson factors include: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the degree of skill necessary to serve the client properly, (4) the attorney's inability to accept other employment because he accepted the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount of damages involved and the relief or results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the attorney's professional relationship with the client, and (12) awards in similar cases. *Id.* at 717. The going rate in the community, however, is the most critical factor in setting the fee rate. Martin v. University of South Alabama, 911 F.2d 604, 610 (11th Cir. 1990).

Case No.: 3:09cv203/MCR/EMT

>    (2) File electronically a summary of such time record with the clerk
>    by the fifteenth (15th) day of each month during the pendency of the
>    action, for work done during the preceding month.
>
>    * * * *
>
>    (5) Failure to comply with these requirements will result in attorneys'
>    fees being disallowed for the omitted period.

Local Rule 54.1(B).

Additionally, Local Rule 54.1(E) provides that where the court has awarded fees, the party awarded such fees shall file "an affidavit setting out the requested amount and specifically describing the requested rate of compensation and the numbers of hours spent in the prosecution

>    or defense of the case as are reflected in the monthly reports filed with this court,
>    with sufficient detail to identify the exact nature of the work performed." N.D. Fla.
>    Loc. R. 54.1(E)(1). In support of its claim, the party awarded fees is also required
>    "to file and serve a supporting affidavit from an attorney, familiar with the area of
>    law involved, that the requested rate for hourly compensation is in line with the
>    prevailing market rate for the work performed." N.D. Fla. Loc. R. 54(E)(3). In the
>    instant case, in connection with these requirements Ace has submitted affidavits from
>    Crew (initial affidavit Doc. 112 at 3, amended affidavit Doc. 117 at 3–4, and
>    supplemental affidavit Doc. 120 at 1–4) and from Bauman (initial affidavit Doc. 112
>    at 2 and amended affidavit Doc. 117 at 2).

In his three affidavits, Crew sets out the total requested amount of fees ($95,682.50) and the requested rates of compensation ($150.00 to $250.00 per hour of attorney time and $50.00 to $100.00 per hour of non-attorney time) for the hours spent on the case (428.2 hours of attorney time and 100.4 hours of non-attorney time[8]) (Doc. 112 at 3; Doc. 117 at 3; and Doc. 120 at 1). The affidavits also reference expenses that are not taxable by the clerk of court; the total amount of such expenses sought is $4372.79 (mediation expenses of $1499.10, plus Westlaw legal research

---

[8] Crew's initial affidavit reports an attorney time of 424.2 hours but the subsequent affidavits are revised to reflect a reported time of 428.2 hours (Doc. 112 at 3; Doc. 117 at 3; and Doc. 120 at 1). Similarly, his initial affidavit reports non-attorney time of 100.4 hours while the two subsequent affidavits identify 103 hours (*id.*).

Case No.: 3:09cv203/MCR/EMT

expenses of $2873.69).  Crew provides a chart with his third affidavit that identifies the docket entry and filing date of the attorney time record; the initials of the five attorneys or eight non-attorneys who performed the relevant work, along with the number of hours, amount sought, and total time claimed (Doc. 120 at 3, Exh. A).[9]  Nontaxable expenses are also listed (*id.*).  Additionally, attached to the third affidavit is a chart which identifies, by initials and full name, the attorney or non-attorney who performed the claimed work, as well as that individual's hourly rate.[10]  In his initial affidavit, Bauman states that he is familiar with the prevailing market legal rates for the practice of construction law in the local area and that a rate of $250.00 to $300.00 per hour for attorneys is in line with the prevailing rate (Doc. 112 at 2).  In his amended affidavit Bauman adds that the rate of $50.00 to $100.00 for non-attorneys is in line with the prevailing rate (Doc. 117 at 2).

Based on the above documentation submitted by Ace, the court concludes that, in light of its own knowledge and experience concerning attorneys' fees and as supported by Bauman's affidavits, the hourly rates requested are reasonable.  The court further concludes that the attorney time records, which are adequately detailed and maintained to the nearest 1/10 hour, reflect a reasonable number of hours for the work performed, with certain disallowances.  The compensation for other expenses sought by Ace, however, is not allowable and therefore should not be awarded.

**Document # 32**:  This attorney time record includes time for work performed by Ace's counsel and firm between June 24, 2009, and January 25, 2010.  The record was filed February 15, 2010.  Pursuant to Local Rule 54.1(B)(2)(5), no award is allowable for the period between June 24, 2009, through December 30, 2009, as these records were not filed by the fifteenth day of the month following the month in which the work was done.  The district court's initial scheduling order issued

---

[9] Crew fails, however, to provide information regarding the respective skill and experience levels of the persons who rendered service to Ace in connection with this litigation or, other than listing the number of hours and amount charged, how the rates for these individuals were calculated.  Based on the docket, Crew appears to be a shareholder in his firm; the court presumes that the other attorneys who worked on the case, but made no appearance before the court, are associates.  In any event, based on the information that has been provided by Crew, as well as the exercise of its own judgment, as set forth below the court has been able to fairly conclude that the hourly rates sought are reasonable and that, with certain disallowances taken, the number of hours claimed is also reasonable.

[10] The court uses the chart only as an aid, particularly because in part the chart deviates from the monthly attorney time records (*see, e.g.,* Doc. 37, total paralegal hours reported for Shawn S. Hart ("SSH") on monthly time record is 3.3, while paralegal hours shown on chart is .7).

Case No.: 3:09cv203/MCR/EMT

January 20, 2010, however, provides that time records for past work performed to date may be filed by the required filing date of the current month's time records or within thirty days, whichever is later (Doc. 24 at 6).  Thus, as Ace submits in its objection, all of the records submitted on February 15, 2010, should be considered timely filed.  Accordingly, this court finds that for the period June 2009 through December 2009 the amounts of $16,650.00 for 66.6 hours of attorney time (Crew @ $250.00 per hour), $6300.00 for 42 hours of attorney time (Kyle D. Christopher @150.00 per hour), and $1897.50 for 25.8 hours of non-attorney time (paralegal at $50.00 to $100.00 per hour) are reasonable.[11]  Thus the total amount of **$24,847.50 for June 2009 through December 2009** should be awarded. For January 2010 the amounts of $400.00 for 1.6 hours of attorney time (Crew) and $150.00 for 2.0 hours non-attorney time (paralegal) are reasonable.  Thus the total amount of **$550.00 for January 2010** should be awarded.

**Document # 37**:  The amounts of $3075.00 for 12.3 hours of attorney time (Crew), $87.50 for .5 hours of attorney time (Ashley B. Rogers @ $175.00 per hour) and $247.50 for 3.3 hours of non-attorney time (paralegal @ $75.00 per hour) are reasonable.  The total amount of **$3410.00 for February 2010** should therefore be awarded.

**Document # 47**:  The amounts of $4075.00 for 16.3 hours of attorney time (Crew), $5985.00 for 34.2 hours attorney time (Eugene B. Shuboy ("Shuboy") @ $175.00 per hour), and $390.00 for 5.2 hours of non-attorney time (paralegal @ $75.00 per hour) are reasonable.[12]  Thus the total amount of **$10,450.00 for March 2010** should be awarded.

**Document # 52**:  The amounts of $4600.00 for 18.4 hours of attorney time (Crew), $6667.50 for 38.1 hours attorney time (Shuboy), and $285.00 for 3.8 hours of non-attorney time

---

[11] The time record for October 2009 reflects numerous entries by Crew, an associate, and a paralegal, regarding mediation (*see* Doc. 32 at 3).  While the total number of hours reported seems somewhat high (apparently, approximately 44.3 hours), as it does not clearly appear to be excessive the court will not recommend a reduction.

[12] The record reflects what may be some redundancy in the efforts of Crew and Shuboy regarding the drafting of initial disclosures and researching joint offers of settlement (*see* Doc. 47, Crew and Shuboy entries for 3/10/10, 3/17/10, 3/18/10, and 3/23/10).  Nevertheless, although the total number of hours expended on these tasks seems to be on the high end of what may be deemed reasonable, as it does not clearly appear to be excessive the court will not recommend a reduction.  The court also takes into account that Shuboy exercised billing judgment with respect to other legal research he performed regarding the drafting of Ace's initial disclosures, reporting but not billing for 1.6 hours of time (*see id.*, entry for 3/4/10).

Case No.: 3:09cv203/MCR/EMT

(paralegal @ $75.00 per hour) are reasonable.[13] Thus the total amount of **$11,552.50 for April 2010** should be awarded.

**Document # 61**: The amounts of $5050.00 for 20.2 hours of attorney time (Crew), $8400.00 for 48.0 hours attorney time (Shuboy), and $907.50 for 12.1 hours of non-attorney time (paralegal @ $75.00 per hour) are reasonable.[14] Thus the total amount of **$14,357.50 for May 2010** should be awarded.

**Document # 69**: The amounts of $225.00 for .9 hours of attorney time (Crew), $1120.00 for 6.4 hours attorney time (Shuboy), and $112.5 for 1.5 hours of non-attorney time (paralegal @ $75.00 per hour) are reasonable. Thus the total amount of **$1457.50 for June 2010** should be awarded.

**Document # 75**: The amounts of $875.00 for 3.5 hours of attorney time (Crew), $1242.50 for 7.1 hours attorney time (Shuboy), and $360.00 for 4.8 hours of non-attorney time (paralegal @ $75.00 per hour) are reasonable. Thus the total amount of **$2477.50 for July 2010** should be awarded.

**Document # 81**: The amounts of $6350.00 for 25.4 hours of attorney time (Crew), $6282.50 for 35.9 hours attorney time (Shuboy), and $2325.00 for 31.0 hours of non-attorney time (paralegal @ $75.00 per hour) are reasonable. Thus the total amount of **$14,957.50 for August 2010** should be awarded.

**Document # 89**: The amounts of $1850.00 for 7.4 hours of attorney time (Crew), $700.00 for 4.0 hours attorney time (Shuboy), and $360.00 for 4.8 hours of non-attorney time (paralegal @ $75.00 per hour) are reasonable. Thus the total amount of **$2910.00 for September 2010** should be awarded.

---

[13] The record again reflects what may be some duplication of effort by Crew and Shuboy in connection with the joint offer of settlement (*see* Doc. 52, Crew and Shuboy entries for 4/5/10). Additionally, Shuboy spent what appears to be a significant, and perhaps unnecessary, amount of effort and time with respect to a request to revise the district court's scheduling order (*see id.*, entries for 4/7/10, 4/9/10, 4/12/10, and 4/13/10), some of which may have been replicated by Crew (*see id.*, entry for 4/11/10). For the reasons previously mentioned, however, the court will not recommend a reduction.

[14] Once again, the court notes what may be duplicative or a somewhat high amount of time reported by Crew and Shuboy which does not clearly warrant a reduction, this time in connection with what appears to have been a fairly straightforward motion to withdraw filed by Emerald's counsel (*see* Doc. 61, Crew and Shuboy entries for 5/25/10 and 5/26/10).

**Document # 104**:   This attorney time record includes time for work performed between October 5, 2010, and December 28, 2010.  The record was filed January 18, 2011.[15]  Pursuant to Local Rule 54.1(B)(2)(5), no award is allowable for the period between October 5, 2010, through November 30, 2010, as these records were not timely filed.  For December 2010, for which period the attorney time record was timely filed, the amounts of $2550.00 for 10.2 hours of attorney time (Crew) and $30.00 for .4 hours non-attorney time (paralegal @ $75.00 per hour) are reasonable.  Thus the total amount of **$2580.00 for December 2010** should be awarded.

**Document # 111**:   In its initial Order, Report and Recommendation, reading the numbers for the dates in the customary month/date/year order (the format used throughout the rest of Ace's time records and generally employed in this district's recordkeeping), the court assumed that this attorney time record must have included time for work performed in November 2010.  And, as the record was filed February 15, 2011, the court concluded that pursuant to Local Rule 54.1(B)(2)(5), no award was allowable with respect to this untimely filed record.  Ace states in its objection that the format used in its time records for January 2011 in fact is in the order of year/month/date, making the entries in Document # 111 timely filed on February 15, 2011.  Based on this additional information, the court agrees.  The amounts of $425.00 for 1.7 hours of attorney time (Crew) and $210.00 for 2.8 hours of non-attorney time (paralegal @ $75.00 per hour) are reasonable.  Thus the total amount of **$635.00 for January 2011** should be awarded.

**Document # 114**:    As was also true with respect to Document # 111, with respect to Document # 114, in its initial Order, Report and Recommendation, the court misconstrued the date of the attorney time record, which resulted in the conclusion that the record had been untimely filed. The report in fact may be deemed timely.  In addition, the amounts of $2375.00 for 9.5 hours of attorney time (Crew) and $360.00 for 3.9 hours of non-attorney time (paralegal @ $75.00–$100.00 per hour) are reasonable.  Thus the total amount of **$2735.00 for February 2011** should be awarded.

To recap, the following amounts for the following months should be awarded to Ace, for a total of **$92,920.00** in reasonable attorneys' fees:

**$24,847.50**     **June 2009 through December 2009/Document # 32**

---

[15]  As January 15, 2011, was a Saturday and January 17, 2011, was a holiday, the record was timely filed for December 2010 on January 18, 2011.

| | |
|---|---|
| $550.00 | January 2010/Document # 32 |
| $3410.00 | February 2010/Document # 37 |
| $10,450.00 | March 2010/Document # 47 |
| $11,552.50 | April 2010/Document # 52 |
| $14,357.50 | May 2010/Document # 61 |
| $1457.50 | June 2010/Document # 69 |
| $2477.50 | July 2010/Document # 75 |
| $14,957.50 | August 2010/Document # 81 |
| $2910.00 | September 2010/Document # 89 |
| $2580.00 | December 2010/Document # 101 |
| $635.00 | January 2011/Document # 111 |
| $2735.00 | February 2011/Document # 114 |

Remaining is the matter of the nontaxable expenses sought by Ace in the amount of $4372.79 (expenses of $1499.10 for the mediator's fee/audio-visual equipment and Westlaw legal research expenses of $2873.69). For the reasons that follow, the court concludes that these expenses should not be awarded.

In the instant motion for an award of attorneys' fees, Ace recites that part of its contract with Emerald under which Ace seeks recovery of attorneys' fees:

> Subcontractor shall pay to Contractor, in any action brought to enforce the performance of this Subcontract, or any of the terms, covenant or conditions thereof, and in any action brought against Subcontractor by third parties in which Contractor is joined as a party, whether the same proceed to judgement or not, an additional reasonable amount as *attorney's fees* and this provision shall also apply to any suit on any bond furnished hereunder.

Doc. 100 at 1–2, citing Doc. 78, Exhibit A, ¶ 30 (emphasis added).

First, the court notes that this provision of the contract calls for the payment of attorneys' fees; although the contract could have so specified, no mention is made of payment for litigation costs or expenses. Furthermore, mediation fees are typically split between the parties, not assessed as a cost or expense. This court therefore recommends that no award be made here. As to the request to be reimbursed for computer-assisted research, in this circuit the expense of such research may be compensable as part of attorneys' fees when such fees are awarded. *See* Johnson v. University College, 706 F.2d 1205, 1209 (11th Cir. 1983) (concluding that costs of computerized legal research may be recovered under 42 U.S.C. § 1988 as a reasonable expense); *see also* Terry Properties, Inc. v. Standard Oil Co., 799 F.2d 1523, 1540 (11th Cir. 1986) (citing Johnson for the

proposition that "reasonable costs of computerized research may be recoverable"). In this case, however, Ace proceeds for its fees under its contract with Emerald, and under the relevant provision of that contract, quoted above, no award for expenses is explicitly authorized. Even assuming that explicit authorization is not necessary to make an award for computer-assisted research expenses, the court notes that Ace has not pointed to any legal authority for permitting this type of expense in this particular case. Also, Ace has not submitted any invoices or other evidence to the court with its affidavits that might support an award of expenses for computerized research, it has not itemized the lump sum sought for electronic research so that particular amounts for particular research subjects may be identified, and—to the extent such a requirement should apply here—it has not stated or shown that the expense is one that its counsel normally charges his clients and that it is the prevailing practice in the community for such expenses to be billed separately to clients. *See, e.g.,* Trustees v. Redland Insurance Co., 460 F.3d 1253, 1255–59 (9th Cir. 2006) (noting that reasonable charges for computerized research and other expenses such as postage, photocopies, courier services, facsimile charges, long distance telephone charges, and court reporter services may be recovered as attorneys' fees under 29 U.S.C. § 1132(g)(2)(D) provided the expenses are reasonable and such expenses are customarily billed separately). For these reasons, this court concludes that in this case nontaxable expenses for mediation fees/equipment and computer-assisted legal research should not be compensable and therefore the request should be denied.

Accordingly, it is **ORDERED**:

1. That the Order, Report and Recommendation issued November 4, 2011 (Doc. 121) is **VACATED.**

2. That the clerk mail a copy of this Amended Order, Report and Recommendation to Emerald Coast Engineering, LLC, 75E Mansfield Avenue, Valparaiso, Florida 32580.

And it is respectfully **RECOMMENDED:**

That Ace be awarded from Emerald reasonable attorneys' fees (which were incurred in the prosecution of Ace's cross-claims against Emerald and in defending against Century's claims) in the amount of **$92,920.00**.

**DONE AND ORDERED** this <u>14th</u> day of November 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed recommendations must be filed within fourteen (14) days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**